**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**CATHY L. WALDOR**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>ROOM 4040<br>NEWARK, NJ 07101<br>973-776-7862 |

**ORDER**

**Re:   Malibu Media, LLC v. John Doe subscriber assigned IP address 47.16.169.233**
      **Action No. 2:16-cv-5260-KSH-CLW**

In this copyright infringement action, Plaintiff sought and was granted leave to serve a subpoena on Defendant's internet service provider to obtain Defendant's name and address. (ECF Nos. 4, 6.) Before the Court now is the motion to quash filed by Defendant and opposed by Plaintiff. (ECF Nos. 8-9.) Defendant also requests entry of a protective order, which Plaintiff opposes in part. Decided on the papers, and for the reasons set forth below, the motion to quash is denied and the request for a protective order is granted insofar as Defendant may proceed anonymously.

The Court is well-acquainted with cases such as this and, as the parties recognize, this case is very similar to hundreds of others in this District and elsewhere; accordingly, there is ample case law to support each party's position. Of particular note, Defendant's brief is nearly identical to one submitted in a case in this District last year. Compare ECF No. 8 with Malibu Media, LLC v. Doe, No. 15-8252, ECF No. 8. So too, for the respective complaints in these actions. Compare Comp., ECF No. 1 with Malibu Media, No. 15-8252, ECF No. 1. That case, therefore, is instructive here not only on account of its striking similarity but also because of the Judge's persuasive reasoning and thorough examination of the issues.

Rule 45(d)(3)(A) provides, in pertinent part, that the Court "must quash or modify a subpoena that: (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Defendant bears a heavy burden to demonstrate that the requirements of Rule 45 are satisfied. Malibu Media, No. 15-8252, 2016 WL 3876425, at *2 (D.N.J. July 14, 2016) (collecting cases). In particular, the Court considers Defendant's standing, the relevance of the production sought (subject to any privileges or protections), and the extent of the burden on Defendant. Id. (quoting Schmulovich v. 1161 R. 9, LLC, No. 07-597, 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007)). As to standing, although a motion to quash or modify a subpoena generally must be brought by the individual to whom it was directed, a party may so move with respect to a subpoena directed to a non-party where that party claims a personal privilege in the production sought. Id., at *3.

At the outset, the Court is satisfied that Defendant has standing to challenge the subpoena due to the nonpublic nature of the identifying information sought from the internet service

provider, the sensitive nature of the copyrighted material at issue in this case, and the risk of reputational harm. See Malibu Media, No. 15-8252, 2016 WL 3876425, at *3 (finding standing despite party's scant arguments regarding such in light of confidential information sought and the concern for reputational harm).

Nevertheless, the Court is not convinced that Defendant has demonstrated that relief under Rule 45 is warranted. Plaintiff's complaint, motion for leave to serve the internet service provider, and instant opposition plainly set forth the alleged facts and theory of the case, i.e., that an individual using a certain IP address committed copyright infringement by downloading, copying, and distributing Plaintiff's copyrighted works without authorization. Plaintiff accordingly seeks the name and address associated with that IP address, so as to proceed with this suit. Pursuant to Rule 26, such basic information is relevant to Plaintiff's claim and is proportional to the needs of the case. Indeed, identifying information allows Plaintiff "the opportunity to contest the merits and the veracity of [a defendant's] defenses." Malibu Media, LLC v. John Does 5-8, No. 12-03170, 2013 WL 1164867, at *3 (D. Colo. Mar. 20, 2013) (quoting First Time Videos, LLC v. Does 1–18, No. 4:11-69, 2011 WL 4079177, at *1 (S.D.Ind. Sept. 13, 2011); Voltage Pictures, Inc. v. Does 1–5000, 818 F.Supp.2d 28, 35 (D.D.C.2011)).

Defendant emphasizes that the nature of internet access is such that another person in essentially any location could have committed the infringement in question in a fashion that would lead to an investigator to conclude incorrectly that Defendant was the culprit. Defendant's contentions serve as denials of liability and objections to Plaintiff's litigation strategy rather than as coherent arguments within the meaning of Rule 45. See Malibu Media, No. 12-03170, 2013 WL 1164867, at *3 (denying motion to quash because "'[t]he concern that someone else may have somehow gained access to the Doe's computer is essentially a denial of personal liability.'" (quoting Malibu Media, LLC v. John Does 1–7, No. 12–1189, 2013 WL 501445, at *2 (C.D.Ill. Feb. 11, 2013))). Such denials are not amenable to adjudication on a motion to quash or without the benefit of discovery. Although Defendant understandably prefers to avoid identification completely and may eventually face liability in this action in connection with being identified, at this stage it is only the internet service provider that will endure the burden of complying with the subpoena.

Lastly, the Court discerns no privileged or protected material at issue here. See Malibu Media, No. 15-8252, 2016 WL 3876425, at *4 (finding lack of privilege where defendant "voluntarily disclosed his personal information to his service provider" to set up account). Again, however, the Court appreciates the sensitive nature of the allegations and permits Defendant to proceed anonymously consistent with Rules 5.2(e) and 26(c)—although, as set forth above, not so anonymously that Plaintiff cannot identify Defendant altogether.

**ACCORDINGLY, IT IS** on this 29th day of March, 2017,

**ORDERED** that Defendant's motion to quash (ECF No. 8) is denied;

**ORDERED** that Defendant shall be permitted to proceed anonymously as John Doe in this matter unless otherwise Ordered by the Court and Plaintiff will maintain confidential and not disclose publicly or in this Court (except if under seal) the identity and contact information of this John Doe or of his/her immediate family; and

**ORDERED** that the Clerk shall terminate ECF No. 8; and

**ORDERED** that Plaintiff shall have until June 1, 2017 to effectuate service of a summons and complaint on Defendant; and

**ORDERED** that the Court shall transmit this Order via email to Defendant; and

**ORDERED** that Plaintiff shall transmit this Order to Defendant along with the summons and complaint.

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**